IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JEREMY LUZAR,

                Plaintiff,

v.                                             OPINION and ORDER

FRANK BISIGNANO,                         22-cv-52-jdp
Commissioner of Social Security,

                Defendant.[1]

---

This is an action for judicial review of the Social Security Administration's denial of Jeremy Luzar's application for disability benefits. After the parties stipulated to a remand, Luzar received a favorable decision from the commissioner.

Dana Duncan, counsel for Luzar, moves for a fee award under 42 U.S.C. § 406(b). Dkt. 45. The statute allows a prevailing party to recover a reasonable fee, but the total amount awarded at the district court and the administrative level may not exceed 25 percent of the past benefits awarded. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 792 (2002). Counsel represents that 25 percent of past benefits awarded is $54,598.25, but he requests less than that: $40,590.[2] He is limiting his request to keep his effective hourly rate at $550. He previously received two fee awards under Equal Access to Justice Act (EAJA) totaling $18,345.95, one for

---

[1] The court has amended the caption to reflect Bisignano's appointment as commissioner. *See* Fed. R. Civ. P. 25(d).

[2] The documents from the agency submitted by counsel do not state the total amount of past benefits awarded to Luzar, only the amount held in reserve for fees. *See* Dkt. 16-2, at 5. But the parties appear to agree that the amount held in reserve represents 25 percent of the total.

$14,245.76 after the first remand of Luzar's case in No. 19-cv-1018, and one for $4,100.19 after the stipulated remand in this case.

In assessing a fee for reasonableness, "a district court must begin with the contingency award as its polestar and consider whether that amount should be reduced because it is unwarranted based on relevant factors, such as the claimant's satisfaction with their attorney's representation, the attorney's expertise and efforts expended, whether the attorney engaged in any undue delay or overreaching, the uncertainty of recovery and risks of an adverse outcome, and how the effective hourly rate compares to others in the field and jurisdiction." *Arnold v. O'Malley*, 106 F.4th 595, 601 (7th Cir. 2024).

The court will award Duncan the amount he has requested. Neither Luzar nor the commissioner has objected to the motion, it's undisputed that Duncan is an experienced attorney who achieved good results for his client, and there's no evidence that the effective hourly rate ($550) exceeds that charged by other attorneys in the field. So the court will approve a representative fee in the gross amount of $40,590. In accordance with the court's past practice, the court will allow counsel to retain the EAJA award, and the court will subtract the EAJA award from the amount awarded in this order.

ORDER

IT IS ORDERED that:

1. Dana Duncan's motion for attorney fees under 42 U.S.C. § 406(b), Dkt. 16, is GRANTED.

2. The court approves representative fees under § 406(b) in the gross amount of $40,590.

3. Counsel may retain the $18,345.95 previously awarded in EAJA in partial satisfaction of the § 406(b) award.

4. The net amount of $22,244.05 shall be disbursed by the commissioner from any of Luzar's past-due benefits being withheld and in accordance with agency policy.

Entered January 16, 2026.

                              BY THE COURT:

                              /s/

                              _____
                              JAMES D. PETERSON
                              District Judge